Seymoub Lakbitz, J.
The court on its own motion recalls the decision rendered in the above matter dated October 29,1973.
The plaintiff brought this action in the Small Claims Part of this court and seeks to recover interest in the sum of $22.26 on a security deposit given to his landlord on security on a lease.
Landlord and tenant had entered into a lease agreement in 1966, which agreement was renewed thereafter. Under the terms thereof, tenant had furnished security which increased as the rental set forth in the lease renewals increased. All of the security upon which plaintiff demands his interest was paid to and in the hands of the landlord on September 1,1970, the effective date of subdivision 2 of section 7-103 of the General Obligations Law.
Plaintiff relies on subdivision 2 of section 7-103 of the General Obligations Law the last sentence of which reads ‘ ‘ The balance of the interest paid by the banking organization shall be the money of the person making the deposit or advance and shall either be held in trust by the person with whom such deposit or advance shall be made, until repaid or applied for the use or rental of the leased premises, or annually paid to the person making the deposit of security money.” (Emphasis supplied.)
It is plaintiff’s contention that the interest must be paid annually. The court’s attention was directed to a letter issued in September, 1972, by the Attorney-General’s office which sets forth an informal opinion that security interest is payable annually to the tenant unless prior to that time the interest has been used in the reduction of rent. This letter also states that the Court of Appeals in a proceeding brought by the Attorney-General (Matter of State of New York v. Parker, 30 N Y 2d 964) to enforce compliance with the statute (in accordance with the informal opinion) stated that the Attorney-General had no standing to bring the proceeding and suggested tenants bring their own action in Small Claims Court.
*901 The provision of the General Obligations Law dealing with the requirement of landlord to deposit tenants’ security money in the bank in separate „ accounts to be held in trust were enacted due to the evils suffered by tenants when the landlords commingled security money with their general funds. Enactment of section 7-103 of the General Obligations Law was inspired by the need to protect tenants so they would not unjustly and unfairly lose interest on the money they deposit with their landlord as security. With the high escalation of rent today this interest can become substantial. It is inconceivable that the accumulation of interest should result in the landlord holding substantially more in security than bargained for originally on a lease. The court is convinced from the language of the statute setting forth alternatives that this was not the legislative intent. The instant case is not of great import in the terms of the amount of interest involved but when viewed through the spectrum of thousands of security deposits for many thousands of tenants, may have great impact on landlord and tenant relationship.
The court notes that by way of suggestion from the Court of Appeals in the proceeding brought by the Attorney-General the court stated the tenants should bring their own action in the Small Claims Court. The inference to be drawn from the Court of Appeals’ suggestion is that the interest on security deposits must be paid to the tenants annually and if upon demand, payment of interest is not made, tenants may bring an action in the appropriate court for their relief. The court is impelled to conclude that interest accruing on a tenant’s security deposit in the amount in excess of the 1% landlord is permitted to retain should either be paid to the tenant1 annually, applied to the rent due, or held in trust if the tenant elects to leave the interest in the trust account. Accordingly plaintiff shall have judgment against the defendant in the sum of $22.26.