■ Robert E. McKee, Respondent, v Wellington Estates, Ltd., et al., Appellants. — Judgment, Supreme Court, New York County (Richard Lee Price, J.), entered July 6, 1982 denying defendants' motion to dismiss the complaint and plaintiff's cross motion for summary judgment, and declaring in favor of plaintiff, is unanimously reversed, on the law, and defendants' motion to dismiss the first cause of action under CPLR 3211 (subd [a], par 7) for failure to state a cause of action is granted, with costs to defendants. In our view, there is no obligation on the landlord under subdivision 2 of section 7-103 of the General Obligations Law to apply accrued interest on the tenant's security deposit toward an increase in the security deposit when new leases are entered into at higher rents. The landlord in the present case has complied with the obligations of the statute by annually paying the interest (less appropriate administrative expenses) to the tenant. The landlord does not press its appeal insofar as it relates to the second cause of action. Concur — Sullivan, J. P., Silverman, Lynch, Milonas and Alexander, JJ.

■ The People of the State of New York, Respondent, v Victor Rodriguez, Appellant. — Judgment of the Supreme Court, New York County (Thomas Dickens, J.), rendered on June 23, 1981, which convicted the defendant of two counts of robbery in the first degree, one count of robbery in the second degree, two counts of attempted robbery in the first degree, one count of attempted robbery in the second degree and one count each of criminal possession of a weapon in the second and third degrees and sentenced him as a second violent felony offender to an indeterminate prison term of 7½ years to 15 years and to lesser concurrent terms, is modified, on the law, and the sentence on counts 6 and 8 reduced to 3½ years to 7 years, and otherwise affirmed. Defendant received indeterminate sentences of 6 years to 12 years for attempted robbery in the second degree and 5 years to 10 years for criminal possession of a weapon in the third degree. Both of these convictions involve D felonies. The maximum permissible sentence for a D felony for a predicate violent felon is an indeterminate term of 3½ years to 7 years' imprisonment, a fact which the People concede. Consequently, the trial court imposed sentences on counts 6 and 8 which exceeded the statutory maximum. Concur — Sullivan, J. P., Silverman, Lynch, Milonas and Alexander, JJ.