OPINION OF THE COURT
Adam Seiden, J.
Plaintiff commenced this small claims action against defendant seeking to recover interest in the sum of $1,500 on security deposits given on a residential lease. The court vacated a March 12, 2003 inquest judgment awarding plaintiff $1,000 after defendant’s attorney provided a justifiable excuse for defendant’s failure to appear in court on said date, and restored the matter to the calendar. A hearing was held on April 30, *657 2003, where all parties appeared. After receiving evidence and hearing testimony, the court finds as follows:
Between July 1977 and September 2000, plaintiffs parents entered into several lease agreements for the rental of an apartment at 82 Gavin Street, Yonkers, New York. Under the terms of the lease agreements, plaintiffs parents furnished security deposits which increased as the rental set forth in the lease renewals increased. In March 2001, plaintiff entered into a lease agreement with Michael Casey of 82 Gavin Street Partners for the rental of the apartment previously leased under his parents’ names at 82 Gavin Street, Yonkers, New York, with a monthly rent of $577.44. According to the lease agreement, plaintiff provided a $577.44 security deposit.
There is no dispute that defendant purchased said property from plaintiffs previous landlord. Plaintiff contends that the defendant owes him interest on the security deposit dating back to 1977. Defendant contends, upon purchasing said property, it inherited the existing security account of $577.44, which is the same amount of money as plaintiffs rent. Defendant further contends that plaintiffs parents made the original security deposit, and therefore, plaintiff is not entitled to interest on the original deposit, but only entitled to collect interest on the security deposit he made.
Under General Obligations Law § 7-103, money deposited as security for performance of a rental contract, with interest accruing thereon, shall be the property of the person making the deposit and shall be held in trust by the person with whom the deposit is made (Stuarco, Inc. v Slafbro Realty Corp., 30 AD2d 80 [2d Dept 1968]). Plaintiffs testimony and evidence on this issue was insufficient. Although plaintiff supplied the court with lease agreements dating back to 1977, plaintiff failed to establish that he made the original security deposit and paid the increments on the lease agreements under his parents’ names. Pursuant to the statute, the defendant is only obliged to pay interest to the persons who made the original security deposit. The lease agreement and renewals, on their face, suggest that the original security deposit was made by the plaintiffs parents, not plaintiff himself. Furthermore, plaintiff failed to provide the court with any proof of his entitlement to any monies that may be owed to his parents.
While plaintiff may not be entitled to collect interest on the security deposited by his parents as former tenants, he may be entitled to collect the interest on any security he deposited as the current tenant (McKee v Wellington Estates, 94 AD2d 686 *658 [1st Dept 1983]). Pursuant to General Obligations Law § 7-103, interest accruing on a tenant’s security deposit in excess of the one percent which the landlord is permitted to retain should be paid to the tenant annually, applied to rent due or held in trust if the tenant elects to leave interest in a trust account (see id.; see also Parmaki v Levine, 75 Misc 2d 900 [Civ Ct, Queens County 1973]). Plaintiff credibly established that he entered into a lease agreement with a third party to rent the premises effective March 2001, and that he made a $577.44 security deposit on said lease. Furthermore, the defendant conceded that it inherited a security account in the amount of $577.44 when it purchased said premises from plaintiff’s previous landlord.
The court dismisses plaintiff’s claim that he is entitled to interest on the security deposit dating back to July 1977. No proof has been offered to show that he is entitled to said monies on his parents’ behalf. As a result, plaintiff has no standing to bring that portion of the claim. The plaintiff is entitled to recover from the defendant interest in excess of one percent on the $577.44 security deposited by him on March 1, 2001. Pursuant to General Obligations Law § 7-103, plaintiff is entitled to collect his interest annually, which in this case is the 28th day of February starting from the 2002 calendar year.