STUARCO, INC., Respondent, *v.* SLAFBRO REALTY CORPORATION, Appellant.

Second Department, May 6, 1968.

*Jacobs & Rubin* (*Milton D. Jacobs* and *Isaac Rubin* of counsel), for appellant.

*Marc Bazin* for respondent.

Munder, J. The principal question presented in this appeal is whether a tenant is entitled to the interest actually earned on a security deposit where the operative lease makes no provision for the payment of interest by the landlord on the security deposit.

In 1950 the tenant, the plaintiff in this action, deposited $4,800 with its landlord, the defendant herein, pursuant to the terms of a 10-year written lease, to secure its performance thereof. The defendant invested the $4,800 in $2\frac{1}{4}\%$ Government Bonds which were registered in the names of two of its officers. The defendant collected the interest earned on the bonds, deposited it in its regular bank account and used it for its own purposes. At the end of its term the lease was renewed for a further 10-year period. In 1965 the defendant conveyed the premises to a third party and transferred the plaintiff's security deposit to the new owner by a cash payment of $4,800. The defendant retained the Government Bonds and redeemed them in 1966.

In the instant action the plaintiff sought an accounting by the defendant for the interest earned on the security deposit from the date of its investment, a total period of 15 years and 5 months. On the defendant's general denial the plaintiff moved for summary judgment in its favor in the amount of $1,736.10, to cover the interest earned on the bonds plus legal interest thereon. The defendant countered that it was not obligated by the lease to pay interest on the security deposit and further raised the defense of the Statute of Limitations. It applied for summary judgment in its favor. Special Term granted the plaintiff's motion and ordered a hearing for the assessment of damages. This appeal is from that order.

The General Obligations Law (§ 7-103, subds. 1, 3 [formerly Real Property Law, § 233]) provides in part as follows:

" 1. Whenever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same, but may

be disposed of as provided in section thirteen hundred two-a of the penal law.

\* \* \*

" 3. Any provision of such a contract or agreement whereby a person who so deposits or advances money waives any provision of this section is absolutely void."

The key words in this section are " interest accruing thereon, if any  \* \* \*  shall be held in trust ". Clearly, a landlord may not commingle the security with his personal funds. The landlord is under no duty to place the funds in an interest-bearing account, but, if the security is in fact invested in an interest-bearing account, the interest received " shall be held in trust " for the depositor (cf. 1 Rasch, Landlord and Tenant and Summary Proceedings, 1967 Cum. Supp., p. 129, § 299).

Under the statute the $4,800 deposit, as well as the interest actually accrued thereon, was the plaintiff's money and was held in trust for it by the defendant.

Following the sale of the premises the new owner became the trustee of the principal security fund, but the defendant, under the statute, remained the trustee of the interest that had accrued on the $4,800 while it remained in its possession. This accrued interest earned no interest because the defendant did not reinvest it.

Since the statute imposes no duty to invest, and since the parties made no agreement for the payment of interest of any kind, it follows that the plaintiff tenant is not entitled to interest on the interest that had accrued on the $4,800 while it was in the defendant's possession.

In short, the plaintiff tenant is entitled to the interest actually accrued on the $4,800 by operation of law, despite the absence of any agreement to pay interest on the deposit, and this precisely and only because interest was in fact earned thereon. Also, the accrued interest itself earned no interest and the plaintiff is not entitled to interest on interest either by operation of law or by agreement of the parties.

The defendant, apparently abandoning its original contention that the Statute of Limitations limits the plaintiff's claim, now asserts that the present action is premature because the current lease does not expire until 1970 and that the claim should be asserted against the new owner. It cites section 7-105 of the General Obligations Law (formerly section 1302-a of the old Penal Law), which provides that " the transferee of such security deposit is hereby made responsible for the return thereof to the tenant " (subd. 2).

The prematurity contention is baseless because the landlord was entitled to the security fund specified in the lease, not one

increased by the accumulation of earned interest. The interest should have been paid over or credited to the tenant as it was earned. The transferee of the security deposit is responsible only for the return of the principal deposit which it received. The defendant remains responsible for that portion of the accumulated fund, the earned interest on the security deposit, which it should have paid over to the plaintiff as it accrued and which it did not transfer to the new owner.

The order should be affirmed, with $10 costs and disbursements.

BELDOCK, P. J., CHRIST, BENJAMIN and MARTUSCELLO, JJ., concur.

Order of the Supreme Court, Westchester County, dated August 3, 1967, affirmed, with $10 costs and disbursements.