■ Dan Klores Associates, Inc., Respondent, v Joseph Abramoff, Appellant. [733 NYS2d 388] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 17, 2001, which granted plaintiff's motion for partial summary judgment on its cause of action for return of a security deposit, and judgment, same court and Justice, entered February 1, 2001, pursuant thereto, unanimously affirmed, without costs.

Plaintiff's showing that defendant failed to give plaintiff written notice of the banking institution that held plaintiff's security deposit, in violation of General Obligations Law § 7-103 (2), permitted an inference of commingling at the time of lease expiration, in violation of General Obligations Law § 7-103 (1), that defendant failed to rebut (*see, LeRoy v Sayers*,

217 AD2d 63, 68-69). As a result of such commingling, defendant forfeited any right he had to avail himself of the security deposit " 'for any purpose,' " entitling plaintiff to its "immediate" return notwithstanding that plaintiff may itself have breached the lease (*id.*, at 68). Thus, we reject defendant's argument that a tenant's right to a refund of a security deposit for commingling is subject to offset to the extent a landlord incurs justifiable repair costs after the tenant vacates. Plaintiff had a cause of action against defendant for conversion as soon as the deposit was placed in a commingled account, which cannot be defeated by defendant's post-lease use of the commingled deposit for repairs. Concur—Nardelli, J. P., Williams, Mazzarelli, Lerner and Friedman, JJ.