*281 OPINION OF THE COURT
Eileen A. Rakower, J.
Respondent moved for summary judgment to dismiss the petition, and on its counterclaim, for return of its security deposit. Petitioner cross-moved to dismiss respondent’s affirmative defenses and counterclaims. This court, by its prior decision dated March 21, 2002, disposed of that portion of respondent’s motion to dismiss the petition and petitioner’s cross motion to dismiss the affirmative defenses.[1] It is that portion regarding respondent’s claim for return of its security deposit and petitioner’s motion to dismiss the counterclaims which the court considers here.
Respondent secured a sublease agreement with a letter of credit. Late in January 2002, petitioner drew down on the letter of credit, converting it to cash in the amount of $935,000. In seeking return of the funds, respondent claims that petitioner violated the statutory requirements of General Obligations Law § 7-103 in that it failed to notify respondent where and in what account number the funds were placed, thus creating the inference that it commingled these funds.
Petitioner may cure a violation of this section of the General Obligations Law without losing its entitlement to retain respondent’s security. The result of the prior decision of this court is that the lease term has been unaffected and continues. “[W]here the lease continues, a prior commingling since corrected does not forfeit the security.” (Sommers v Timely Toys, 209 F2d 342, 343 [2d Cir 1954], citing 160 Realty Corp. v 162 Realty Corp., 113 NYS2d 618, affd 280 App Div 762 [1st Dept 1952].)
General Obligations Law § 7-103 (2) requires that “[whenever the person receiving money so deposited or advanced shall *282 deposit such money in a banking organization, such person shall thereupon notify in writing each of the persons making such security deposit or advance, giving the name and address of the banking organization in which the deposit of security money is made, and the amount of such deposit.” Violation of the notice provision alone, however, does not entitle respondent to the return of its security deposit. (Purfield v Kathrane, 73 Misc 2d 194 [Civ Ct, NY County 1973].)
Petitioner’s failure to respond to commingling allegations and failure to give adequate notice to respondent creates an inference of commingling (LeRoy v Sayers, 217 AD2d 63 [1st Dept 1995]). Petitioner asserts that it has provided information to rebut such an inference, that its opposition papers include the account number and bank, and that it has cured any departure from the statutory requirements of General Obligations Law § 7-103. A cure, however, presupposes that the account currently housing the funds is a segregated account such that it evinces no conversion or commingling of funds.
Petitioner established an account to hold respondent’s security deposit. The lease did not anticipate such an account, since the security deposit was originally by way of a letter of credit. Petitioner drew on the letter of credit in its entirety. The terms of the letter of credit and any side instructions were not provided to this court. The account does not name respondent as the trustee, although respondent is the trustee by operation of law. (General Obligations Law § 7-103 [2].) This account appears to be a “sweep account.”[2] Funds are withdrawn in their entirety and redeposited into the account every day. The statements of “demand deposit activity’ repeatedly indicate “as per your standing instructions a sweep transfer was executed debiting account 000-134457 and crediting account 000-134457.”
A question for this court is whether the subject “sweep account” establishes these funds as an asset of the cestui que *283 trust or of the trustee. Further, if the “sweeping” of the account yields income not deposited into the account when the funds are returned each day, what portion of such income must be credited to the respondent as well?
It is fundamental that a security deposit “shall not be mingled with the personal moneys or become an asset of the person receiving the same * * * ” (General Obligations Law § 7-103 [1] [emphasis added]). “While the statute did not require that this deposit be placed in an interest-bearing account, where interest is earned it also constitutes (beyond an administrative expense of 1% per annum) trust money.” (Purfield, supra at 201, citing General Obligations Law § 7-103 [2]; Stuarco v Slafbro Realty Corp., 30 AD2d 80 [2d Dept 1968].)
Clear from the statements before the court is that no interest is being posted to the subject account. Transfers appear every business day. There is no mention of another account number or other fund to which these funds are transferred. Directions regarding interest earned are apparently contained in the “standing instructions” to the bank, which have not been provided to this court or to the respondent.
Without the standing instructions to the bank, and without a broader explanation of where the funds and interest were transferred and deposited, it is impossible for this court to determine if these funds were invaded or commingled. The court should not be left to speculate as to how these funds were used and to whose benefit while they were out of the established account.
Generally, sweep accounts in situations such as this would not constitute commingling where they are properly linked to another segregated bank account with a proper reporting and posting of interest earned. Here, the absence of any interest posted to the account and petitioner’s failure to produce the “standing instructions” to the banking institution render petitioner’s assertions insufficient to rebut the inference that these funds were treated as an asset of petitioner and not respondent.
Notwithstanding the above, as the law permits, petitioner may cure prior to the termination of the lease. The court does not declare, as respondent urges, that the existing account demonstrates a commingling. Indeed, with the absence of transfer activity post-March 18, 2002, petitioner may have already cured. Petitioner, and not the court, is in a position to know what the standing instructions to the banking institution include and where and how the subject funds have been *284 transferred. Further, petitioner controls future transfer activity within this account. It does so at its peril.
Respondent’s motion for summary judgment seeking return of its security deposit is denied as premature, without prejudice to pursue the same at the conclusion of the lease term.
Petitioner is ordered to supply an accounting demonstrating earned interest on the $935,000 from January 31, 2002 to date. Such interest, minus 1% will be paid to respondent (General Obligations Law § 7-103 [2]), and would not be subject to offset to the extent the landlord incurs costs after the tenant vacates. (Klores Assoc. v Abramoff, 288 AD2d 121.) Therefore, on July 1, 2002, this court will conduct a hearing to determine the amount to be awarded respondent.
Petitioner’s' motion to dismiss the counterclaim, except where inconsistent with this court’s order regarding an assessment of interest due and owing, is granted at this juncture, without prejudice. This court, having dismissed the petition, finds that the counterclaim is not ripe for trial, since the leasehold continues.

. The court previously found petitioner’s predicate notice insufficient. Petitioner considered it a notice to cure, but it appeared to be a rent demand on its face. Petitioner also labeled it a rent demand in its affidavit of service. It lacked the requisite specificity and created ambiguity.
That the predicate notice required payment of outstanding rent before the “expiration of ten (10) business days from the day of the service of this notice, or surrender up possession of said premises * * * in default of which the Landlord may give you a notice of intention to end the term of the sublease * * * ” created a hybrid notice. Such notice might have been intended as the predicate to a nonpayment action or a holdover action.
Petitioner’s subsequent notice of termination failed to reference the prior predicate notice or respondent’s failure to pay rent, presumably the violation of the conditional limitation which gave rise to the termination. Thus, respondent’s motion to dismiss the petition was granted and the cross motion to dismiss respondent’s affirmative defenses was rendered moot.

. “Sweep accounts combine a business checking account with an investment account, usually a money market mutual fund. They were devised as a way to get around a decades-old government regulation that prohibits banks from offering interest on commercial checking accounts.” (<www.bankrate.com>.) Generally, a sweep account “is a bank account which automatically transfers funds above (or below) a certain level to a higher-interest earning account at the close of each business day.” (<www.investopedia.com>.) Banks advertise sweep accounts for use with attorney trust accounts and boast “[slafety, liquidity and yield.” (<www.sweepaccount.com>.)