■ Tappan Golf Drive Range, Inc., Appellant, v Tappan Property, Inc., Respondent. [889 NYS2d 580]—

In April 1995, plaintiff leased a golf driving range from defendant for a term of 18 years. As required by the lease, plaintiff gave defendant a security deposit of $350,000. Plaintiff admittedly failed to pay school taxes owed on or about August 14, 1996, in violation of lease provisions which required it to pay those taxes as "additional rent." Consequently, on September 4, 1996, defendant obtained a possessory judgment in the Justice Court for the Town of Orangetown, Rockland County. Defendant reentered the premises and resumed operation of the driving range for its own benefit until selling the property in 2001.

At the trial of this action (Herman Cahn, J.), in which plaintiff seeks the return of its security deposit, defendant admitted that, pursuant to the lease on September 6, 1996, when the certificate of deposit account containing plaintiff's $350,000 security deposit matured, it deposited those monies into its own corporate account, and used the monies to pay expenses, including the unpaid school taxes, as well as legal fees incurred in prosecuting the Justice Court action. However, General Obligations Law § 7-103 (1) forbids landlords from commingling security deposit monies with their own funds, and defendant's admitted commingling of plaintiff's security deposit vested in plaintiff an "immediate right" to receive those monies (*LeRoy v Sayers*, 217 AD2d 63, 68-69 [1995]). General Obligations Law § 7-103 (3) provides that the anticommingling protections of

General Obligations Law § 7-103 (1) cannot be waived and that the provision of the lease purporting to grant defendant the right to commingle the security deposit was "absolutely void" under the statute.

Thus, the trial court erred in holding that the interest rate of 0% provided for under the lease continued to apply to the security deposit monies for so long as defendant was holding them. Upon breaching its fiduciary duty not to commingle the money, defendant "forfeited any right [it] had to avail [it]self of the security deposit for any purpose" (*Dan Klores Assoc. v Abramoff*, 288 AD2d 121, 122 [2001] [internal quotation marks omitted]). Defendant could no longer claim the benefit of the interest rate provided for under the lease. Instead, the statutory rate of 9% applied from the moment of commingling forward (CPLR 5001, 5004). Because defendant, as landlord, functioned as a "trustee of the deposit, not a debtor" (*Matter of Perfection Tech. Servs. Press [Cherno-Dalecar Realty Corp.]*, 22 AD2d 352, 356 [1965], *affd* 18 NY2d 644 [1966] [discussing a predecessor statute to General Obligations Law § 7-103]), any debts owed by plaintiff could not be offset against the commingled security deposit funds (*see Dan Klores Assoc.*, 288 AD2d at 122). Nor could defendant raise plaintiff's breach of the lease as a defense to plaintiff's action to recover the commingled funds (*see LeRoy*, 217 AD2d at 68). The trial court correctly declined to deduct the unpaid school taxes from the commingled security deposit monies, prior to calculating interest due to plaintiff.

We note, however, that defendant is entitled to an offset of the taxes and interest in the amount stipulated to before the special referee, of interest since January 5, 2009 on the principal sum of $65,145, as well as attorney's fees in the stipulated amount. Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.