Order, Supreme Court, New York County (Ira Gammerman, J. H.O.), entered April 12, 2011, which, insofar as appealed from as limited by the briefs, granted so much of plaintiffs motion for summary judgment as sought to dismiss defendant’s affirmative defenses, counterclaims and third-party claims of constructive eviction due to an alleged fire code violation and due to plaintiffs failure to provide proper air-conditioning and ventilation during a roof repair to the extent defendant seeks to recover for the period following the completion of the repair, *537 and defendant’s third-party claims for fraud and nuisance, and denied so much of plaintiffs motion as sought summary judgment on its claim for unpaid rent, and granted defendant’s motion for summary judgment on its eighth affirmative defense and first counterclaim to the extent they allege constructive eviction due to plaintiff’s failure to provide proper air-conditioning and ventilation during the aforesaid roof repair, on its counterclaim for breach of the covenant of quiet enjoyment, and on its counterclaim for the return of its security deposit, unanimously modified, on the law, to grant plaintiffs motion as to defendant’s affirmative defense of accord and satisfaction, and otherwise affirmed, without costs.
Defendant was prevented from using the demised premises, which it leased from plaintiff, for most of the period during which the owner of the building performed repairs to the area of the roof directly above and adjacent to those premises. Although plaintiff assured defendant that its dermatological practice would not be disturbed by the roof repair, the demised premises became unusable due, in part, to the poor air quality, and when plaintiffs attempts to resolve the problem failed, defendant was forced to find another location in which to operate a portion of its practice. Since plaintiff failed to meet its responsibility for supplying defendant with air-conditioning and proper ventilation, defendant is entitled to summary judgment on its claim of constructive eviction during the approximately one-month period in which the roof repairs were performed (see Pacific Coast Silks, LLC v 247 Realty, LLC, 76 AD3d 167, 172 [2010], citing Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]).
Defendant’s claim of constructive eviction after the roof repair had been completed, however, is defeated by the undisputed facts that defendant retook possession of the demised premises, which had been fully restored, and remained therein for eight months (see Pacific Coast Silks, 76 AD3d at 172).
Defendant’s claims of a fire code violation by plaintiff were both conclusory and based entirely upon hearsay.
Defendant’s fraud claim was unsupported by any proof that the statement it allegedly relied upon was false when made (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
Defendant’s nuisance claim was unsupported by any proof that plaintiff created the complained-of nuisance.
Defendant is entitled to the return of its security deposit, with interest from the date of the inception of the lease, because plaintiff failed to prove that it did not commingle the security *538 deposit with its own funds (see Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc., 68 AD3d 440, 441 [2009]).
Defendant’s affirmative defense of accord and satisfaction should be dismissed because the lease precluded partial payments in settlement of unpaid rent. The lease also precluded waiver of any of its terms absent a writing by plaintiff.
We have considered the parties’ remaining arguments for affirmative relief and find them unavailing. Concur — Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ.