■ Paul Spagnoletti et al., Appellants, v Howard Chalfin, Respondent, et al., Defendant. [16 NYS3d 727]—

Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 6, 2014, which, inter alia, denied plaintiffs' motion for a default judgment, and denied plaintiffs' motion for partial summary judgment on their cause of action for conversion, unanimously affirmed, without costs.

Denial of the motion for a default judgment was proper since plaintiffs waived their objections to defendants' untimely answers by accepting them without objection. Furthermore, plaintiffs' motion for partial summary judgment indicates a

willingness to waive any issue of untimeliness, as the motion presupposes that issue has been joined (*see e.g. Wittlin v Schapiro's Wine Co.*, 178 AD2d 160 [1st Dept 1991]).

Plaintiffs' motion for partial summary judgment on their conversion claim was also properly denied since the record presents triable issues as to whether the deposit funds that plaintiffs seek the return of were properly segregated. Even if such funds were not properly segregated in the first instance, defendants had the ability to cure that defect during the term of the lease (*see e.g. Shandwick USA v Exenet Tech.*, 192 Misc 2d 280 [Civ Ct, NY County 2002]). There are also questions as to whether the deposit funds are required to be returned to plaintiffs.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.