■ 23 EAST 39TH STREET MANAGEMENT CORPORATION, Appellant-Respondent, v 23 EAST 39TH STREET DEVELOPER, LLC, Respondent-Appellant/Counterclaim Plaintiff-Respondent-Appellant, et al., Defendants. ALLEN GUTTERMAN, Counterclaim Defendant-Appellant-Respondent. [23 NYS3d 33]—

Judgment, Supreme Court, New York County (Doris Ling Cohan, J.), entered February 13, 2015, awarding defendant 23 East 39th Street Developer, LLC (defendant) the sum of $349,999.98, representing rent for the months May 2008 through October 2008, and bringing up for review an order, same court (Lancelot B. Hewitt, Special Ref.), entered April 10, 2014, which, inter alia, denied defendant unpaid rent for the months of November 2008 through January 2009; and denied plaintiff's request to set off its security deposit against unpaid rent and other charges, and an order, same court and Special Referee, entered February 3, 2015, which, inter alia, granted defendant's motion for reargument to the extent of awarding prejudgment interest at the statutory rate commencing on August 31, 2007, unanimously reversed, on the law, without costs, the judgment vacated, the matter remanded for further proceedings in accordance with this order. Appeals from the foregoing orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff (tenant) and defendant (landlord) entered into a

lease dated August 31, 2007, which became effective October 9, 2007. In accordance with the terms of the lease, tenant paid landlord a $400,000 security deposit to be held in a segregated account. Counterclaim defendant Allen Gutterman executed a personal guaranty dated August 31, 2007, guaranteeing tenant's obligations under the lease.

Either party had the right to terminate the lease "[s]ubsequent to the first consecutive twelve month anniversary of the rent . . . by providing at least ninety (90) day written notice to the other." On May 15, 2008, tenant informed landlord of its intent to vacate the premises, and did vacate the premises on October 8, 2008, one year after the lease became effective.

Plaintiff tenant commenced this action seeking to recover $115,944.19, i.e., the balance of its $400,000 security that defendant landlord failed to maintain in a segregated account. (Plaintiff admitted that it failed to pay rent for the months of May 2008 through September 2008.) Defendant counterclaimed for $246,212.12 representing rent for the additional three months after plaintiff had vacated the premises.

The motion court (Doris Ling-Cohan, J.) granted plaintiff summary judgment on its claim for conversion of the security deposit, noting that defendant had conceded that the funds had never been placed in a separate account as required by section 7-103 of the General Obligations Law. The motion court noted that landlord's conversion entitled plaintiff to an immediate recovery of its deposit (i.e., $400,000). The court accordingly granted plaintiff summary judgment in the amount of $115,944.19, i.e., the amount of the security, less monies plaintiff admitted owing defendant for rent and other charges, with interest at the statutory rate from the date the funds were converted (i.e., October 9, 2007, the date the lease went into effect).

The motion court denied plaintiff's motion for summary judgment dismissing defendant's counterclaims, finding that plaintiff could not vacate prior to three months after the one-year anniversary of the lease, i.e., January 2009. The motion court ruled that defendant was entitled to summary judgment in its favor on the counterclaim against plaintiff for rent and additional rents from May 2008 through January 15, 2009, together with interest, in an amount to be determined by a Special Referee.

In an order entered April 10, 2014, the Special Referee awarded landlord the total sum of $349,999.98, representing rent owed by tenant for the months May 2008 through October 2008. In an order entered February 3, 2015, the Special Referee

denied in large part the parties' respective motions for reargument and/or renewal. The Special Referee granted the motions to reargue only to the limited extent of awarding interest on the judgment from the date of August 31, 2007, the date counterclaim defendant executed his personal guaranty.

The Special Referee exceeded the scope of the reference in denying landlord recovery for unpaid rents for November 2008 through January 2009 (*401 Hotel v MTI/Image Group*, 271 AD2d 228, 229 [1st Dept 2000]). The motion court found that tenant had failed to terminate the lease in accordance with its terms, and therefore was liable for unpaid rents through January 2009. The court referred the matter to the Special Referee only to determine the amount of any such rents owed.

The Special Referee also exceeded the scope of the reference in determining that tenant was not entitled to an offset representing the amount the motion court found to be owing on account of landlord's conversion of the security deposit. Section 7-103 prohibits landlords from commingling security deposits with their own funds. Violation of the statute gives rise to an action in conversion and the right to immediate return of the funds (*see Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc.*, 68 AD3d 440, 441 [1st Dept 2009]). A landlord who violates section 7-103 of the General Obligations Law cannot use the security as an offset against unpaid rents. This is so because a landlord is considered to be a trustee with respect to those funds deposited as security. To allow the landlord to set off the rent against the deposit would be to treat the deposit as a debt and the landlord as a debtor, the situation the statute was enacted to change (*see Matter of Perfection Tech. Servs. Press [Cherno-Dalecar Realty Corp.]*, 22 AD2d 352, 356 [2d Dept 1965], *affd* 18 NY2d 644 [1966]).

The same logic does not pertain where a tenant seeks to apply the security deposit to reduce amounts found owing to the landlord. The motion court having already determined that the tenant was entitled to the full amount of the security as the result of the landlord's conversion of the funds, the Special Referee exceeded the scope of his reference in refusing to reduce amounts owed the landlord by a setoff representing the amount of the security deposit to which the tenant was entitled.

Interest on the past due rents should be calculated at the rate of 2%, not the statutory rate of 9% (*see* CPLR 5004). Here, the lease provides that tenant must pay a charge of 2% for each payment that is more than ten days late (*see Board of Mgrs. of the 25th Charles St. Condominium v Seligson*, 126 AD3d 547, 549 [1st Dept 2015]; CPLR 5004). Landlord is

entitled to interest from the date in May 2008 when tenant's rent payment was due, not from the date that Gutterman executed the guaranty.

Tenant is entitled to interest on the full $400,000 security deposit from the date of its conversion, October 9, 2007, as determined by the motion court.

We remand the matter for further proceedings in accordance with this decision. Concur—Tom, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.