■ FERNANDO ALVAREZ JIMENEZ, Respondents, v GLENN HENDERSON, Appellant. [41 NYS3d 26]—

Amended order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 16, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiffs partial summary judgment on the issue of liability on the breach of contract claim, and granted defendant's cross motion for summary judgment on his counterclaim for return of the security deposit, based on plaintiffs' commingling of the deposit funds, but stayed entry of judgment on defendant's counterclaim pending a final determination in the action, unanimously modified, on the law, to vacate so much of the order as granted plaintiffs' motion for summary judgment on the breach of contract claim as it pertains to plaintiffs' claim for repair costs, staging costs, and electricity charges, and deny plaintiffs' motion to this extent, and to vacate so much of the order as stayed entry of the judgment on defendant's counterclaim for the return of his deposit, and otherwise affirmed, without costs.

Plaintiffs landlords made a prima facie showing of entitlement to judgment as to liability for five months of unpaid rent for the period starting July 1, 2012 through November 30, 2012. Defendant tenant failed to raise a triable issue of fact as to this unpaid rent.

Landlords met their prima facie burden with respect to the repair costs, staging costs, and electricity costs, by submitting the lease and various invoices. However, tenant raised triable issues of fact as to each of these costs through his affidavit, in which he contested that the repairs were necessary for alleged damages caused by him and his family, contested that the staging costs were covered by the lease, and asserted that he had already paid the electricity bills.

The defense of surrender by operation of law is inapplicable here, as landlords consistently reserved their rights to collect the remaining rent from tenant (*Ring v Printmaking Workshop, Inc.*, 70 AD3d 480, 480 [1st Dept 2010]; *Gallery at Fulton St., LLC v Wendnew LLC*, 30 AD3d 221, 222 [1st Dept 2006]). Landlords' termination letter also conditioned such termination on repayment of unpaid rent and other charges under the lease. Moreover, with respect to listing the apartment for resale, landlords explicitly told tenant they were doing so for tenant's benefit and would reduce the rent in accordance with the timing of the sale.

Supreme Court properly granted tenant's motion for summary judgment on his counterclaim for return of his $58,000 security deposit that landlords admittedly, improperly commingled, in violation of General Obligations Law § 7-103 (1). However, the court erred in staying entry of that judgment. Improper commingling under General Obligations Law § 7-103 (1) provides tenant with an "immediate right" to receive his deposit intact (*Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc.*, 68 AD3d 440, 440 [1st Dept 2009]). Moreover, "[a] landlord who violates [General Obligations Law § 7-103 (1)] cannot use the security as an offset against unpaid rents" (*23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Dev., LLC*, 134 AD3d 629, 631 [1st Dept 2015]). Rather, a landlord "forfeits" any right it had to avail itself of the security deposit for any purpose, including to offset debts owed by tenant due to tenant's breach of a lease (*Tappan Golf Dr. Range, Inc.*, 68 AD3d at 441; *see also Dan Klores Assoc. v Abramoff*, 288 AD2d 121, 122 [1st Dept 2001]). Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.