■ HARLEM CAPITAL CENTER, LLC, Appellant-Respondent, v ROSEN & GORDON, LLC, et al., Respondents-Appellants. [44 NYS3d 36]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 6, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff tenant's motion for summary judgment on its conversion claim, granted plaintiff's motion to dismiss defendants' counterclaims and cross claims, and denied defendants' cross motion to dismiss plaintiff's complaint and to order summary judgment on their attorneys' fees claim, unanimously modified, on the law, to grant defendants' cross motion to the extent of dismissing plaintiff's claim for breach of the lease, and otherwise affirmed, without costs.

Plaintiff failed to make a prima facie showing of entitlement to judgment on the conversion claim as the bank statement showing that the alleged security deposit was held in equities and fixed income investments does not clearly demonstrate a violation of General Obligations Law § 7-103 (1) or that defendants commingled the deposit with personal funds. While defendants' failure to respond to plaintiff's notice, which alleged commingling and requested the name and address of the bank where the deposit was placed, permits the court to infer that landlord violated the statute by commingling the deposit with personal funds (*Dan Klores Assoc. v Abramoff*, 288 AD2d 121 [1st Dept 2001]; *see also Paterno v Carroll*, 75 AD3d 625, 628 [2d Dept 2010]; *LeRoy v Sayers*, 217 AD2d 63, 68 [1st Dept 1995]), this inference is rebuttable (*see Dan Klores*, 288 AD2d

at 121). The bank statement, which reflects an amount slightly more than the security deposit and lists the account name as "RG Security Dep," raises triable issues of fact with respect to whether there was actually commingling. Plaintiff relies solely on the bank statement and the inference to support its motion.

Even where the funds are not properly segregated in the first instance, a landlord may cure the defect during the term of the lease (*see Spagnoletti v Chalfin*, 131 AD3d 901 [1st Dept 2015]; *Dan Klores*, 288 AD2d at 121 [inference of commingling existed when the lease expired]; *see also 160 Realty Corp. v 162 Realty Corp.*, 113 NYS2d 618 [Sup Ct, NY County 1952], *affd* 280 App Div 762 [1st Dept 1952]). It is the landlord's burden to prove that it did not commingle the security deposit with other funds. Here, because it is not established that tenant successfully terminated its tenancy in June 2013 when it returned the keys, and may have remained responsible for all terms of the lease until some later date, as defendant alleges, defendant's bank statement and testimonial evidence are sufficient to defeat summary judgment (*see Park Towers S. Co., LLC v 57 W. Operating Co., Inc.*, 96 AD3d 443 [1st Dept 2012]). The record contains documents that suggest that landlord has applied the funds from the security deposit to various expenses attributable to the tenancy. Ultimately, of course, if landlord cannot prove that the security deposit was segregated prior to the termination of the lease, it will be required to repay those monies to tenant, with interest (*Dan Klores* at 121-122).

Supreme Court did not explicitly address that branch of landlord's motion seeking dismissal of tenant's complaint, and therefore the motion is deemed denied (*Genger v Arie Genger 1995 Life Ins. Trust*, 84 AD3d 471, 472 [1st Dept 2011]). The statute of limitations for conversion is three years (*Harmit Realties LLC v 835 Ave. of the Ams., L.P.*, 128 AD3d 460 [1st Dept 2015]). A claim for conversion accrues when the conversion or taking occurred (*Sporn v MCA Records*, 58 NY2d 482, 488-489 [1983]; *Close-Barzin v Christie's, Inc.*, 51 AD3d 444 [1st Dept 2008]). Tenant alleged in the complaint that the commingling occurred "from and after September 2002" and the security deposit notice was ignored until February 2013. It is unclear from the evidence presented when, if ever, the commingling occurred. Accordingly, discovery is needed to resolve when the conversion claim accrued. Moreover, plaintiff properly pleaded conversion.

The statute of limitations for breach of fiduciary duty is three years where the relief sought is monetary (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]). "A breach

of fiduciary duty claim accrues where the fiduciary openly repudiates his or her obligation—i.e., once damages are sustained" (*Lebedev v Blavatnik*, 144 AD3d 24, 28 [1st Dept 2016]). Landlord did not "openly repudiate" its obligations under General Obligations Law § 7-103 until it ignored the security deposit notice in February 2013, less than two years before commencement of this action. In addition, tenant adequately pleaded landlord's breach of fiduciary duty, commingling the deposit by landlord, and damages regarding landlord's failure to return the deposit.

Plaintiff's breach of lease claim is solely premised on the commingling of the deposit with personal funds; however, the lease does not prohibit such activity. Thus, while such commingling violates the statute, it does not violate the lease. Accordingly, this claim should have been dismissed.

Plaintiff made sufficient allegations to support claims against the individual defendants for participating in the commingling of plaintiff's deposit.

As for defendants' attorneys' fees claim, defendants do not seek to enforce any right under the lease in this action, and merely assert their right to apply the security deposit to plaintiff's outstanding debts as a defense. As tenant's obligation to pay landlord's attorneys' fees in this situation is not "virtually inescapable" (*Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 209 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]) and "unmistakably clear" (*Adesso Café Bar & Grill, Inc. v Burton*, 74 AD3d 1253, 1254 [2d Dept 2010]), this claim was properly dismissed. Concur—Renwick, J.P., Moskowitz, Feinman and Kahn, JJ.