Nana Baffour, Kisha Hunter, Plaintiffs-Respondents, 
against
Anthony Calenda, Defendant-Appellant.




Defendant appeals from an order of the Civil Court of the City of New York, New York County (Denise M. Dominguez, J.), entered June 24, 2019, which denied his motion for summary judgment dismissing the complaint and on his counterclaim to recover his security deposit.




Per Curiam.
Order (Denise M. Dominguez, J.), entered June 24, 2019, modified to grant defendant's motion for summary judgment on his counterclaim for return of a security deposit; as modified, order affirmed, without costs. 
We affirm the denial of defendant's motion for summary judgment dismissing the complaint based on lack of personal jurisdiction, but for different reasons than those stated by Civil Court. We conclude that defendant waived the defense of lack of jurisdiction by failing to properly assert it in his prior CPLR 3211 motion (see Addesso v Shemtob, 70 NY2d 689 [1987]; Remora Capital S.A. v Dukan, 175 AD3d 1219, 1221 [2019]). "[O]bjections of personal or rem jurisdiction ... are deemed so fundamental that wasting the court's time on a 3211 motion based on other subdivision (a) objections without including these jurisdictional objections waives them" (Montcalm Publ. Corp. v Pustorino, 125 AD2d 188, 188-189 [1986], quoting Siegel, NY Prac § 274). 
However, Civil Court should have granted defendant's motion for summary judgment on his counterclaim for return of his $12,750 security deposit. Defendant's showing that plaintiff-landlord failed to give him written notice of the banking institution that held his security deposit, in violation of General Obligations Law § 7-103(2), permitted an inference of commingling at the time of the lease expiration, in violation of General Obligations Law § 7-103(1) (see Dan Klores Assoc. v Abramoff, 288 AD2d 121 [2001]), that plaintiff-landlord failed to rebut (see LeRoy v Sayers, 217 AD2d 63, 68-69 [1995]). Improper commingling under General Obligations Law § 7-103[1] provides tenant with an "immediate right" to receive his deposit intact (Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc., 68 AD3d 440 [2009]) and "a landlord [*2]who violates [General Obligations Law § 7-103(1)] cannot use the security as an offset against unpaid rents" (23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Dev., LLC, 134 AD3d 629, 631 [2015]) or for "repair costs after the tenant vacates" (Dan Klores Assoc. v Abramoff, 288 AD2d at 122; see Jimenez v Henderson, 144 AD3d 469 [2016]). 
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 3, 2020