Castro v Pfizer, Inc. (2020 NY Slip Op 02916)





Castro v Pfizer, Inc.


2020 NY Slip Op 02916


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-12831
 (Index No. 18077/14)

[*1]Sobeida Castro, appellant, 
v
Pfizer, Inc., et al., defendants, Mylan, Inc., et al., respondents.


Samuels & Associates, P.C., Rosedale, NY (Violet E. Samuels of counsel), for appellant.
Alston & Bird, LLP, New York, NY (David Venderbush and Karl Geercken of counsel), for respondent Mylan, Inc.
Marshall, Dennehey, Warner, Coleman & Coggin, Rye Brook, NY (Michael P. Kelly of counsel), for respondents Newark Beth Israel Medical Center, Saint Barnabas Health Care Systems, Shailja Shah, Jennifer LaRosa, and Patrick Hinfey.



DECISION & ORDER
In an action, inter alia, to recover damages for strict products liability and medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated October 31, 2016. The order, insofar as appealed from, (a) granted that branch of the motion of the defendant Mylan, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it, (b) granted that branch of the motion of the defendants Newark Beth Israel Medical Center, Saint Barnabas Health Care Systems, Shailja Shah, Jennifer LaRosa, and Patrick Hinfey which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them, (c) denied those branches of the plaintiff's cross motion which were for leave to enter a default judgment against Mylan, Inc., and for leave to serve and file a second supplemental summons and second amended complaint to add Mylan Pharmaceuticals, Inc., John Doe MD I, and John Doe MD II as parties to the action, (d) denied as academic that branch of the plaintiff's cross motion which was for an extension of time to serve an affidavit of merit with respect to her medical malpractice claims, and (e) denied as academic the plaintiff's separate cross motion pursuant to CPLR 306-b to extend her time to serve Shailja Shah, Jennifer LaRosa, and Patrick Hinfey, or, in the alternative, to deem those defendants properly served.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
On January 1, 2013, the plaintiff was involved in an automobile accident in New Jersey, and was hospitalized at Newark Beth Israel Medical Center in New Jersey. She was prescribed dilantin, a drug manufactured by the defendant Pfizer, Inc., and the prescription was filled in New York with a generic version of the drug manufactured by the defendant Mylan, Inc. (hereinafter Mylan). The plaintiff alleges, inter alia, that the drug caused her to develop a condition known as Stevens-Johnson syndrome.
The plaintiff commenced this action on December 31, 2014, by filing a summons with notice. On May 27, 2015, after receiving a demand for a complaint from Mylan, the plaintiff served an amended complaint asserting causes of action against Mylan for strict products liability, failure to warn, and breach of warranty. The amended complaint also asserted causes of action sounding in medical malpractice against the defendants Newark Beth Israel Medical Center, Saint Barnabas Health Care Systems, Sahilja Shah, Jennifer LaRosa, and Patrick Hinfey (hereinafter collectively the NJ medical providers).
In June 2015, Mylan moved to extend its time to answer or move to dismiss the amended complaint. On July 1, 2015, while its motion to extend was still pending, Mylan moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it on the ground that the plaintiff's causes of action were preempted by federal law. The next day, July 2, 2015, was the return date on Mylan's motion to extend. Mylan's counsel withdrew the motion to extend that day, after the plaintiff's counsel accepted, without objection, a courtesy copy of its motion to dismiss that had been filed one day earlier.
Two months later, however, while Mylan's motion to dismiss was still pending, the plaintiff cross-moved for leave to enter a default judgment against Mylan, asserting that Mylan's time to answer or move to dismiss the amended complaint had expired on June 21, 2015, 20 days after service of the amended complaint plus 5 days to account for mailing (see CPLR 2103[b][2]; 3012[b]). The plaintiff also sought leave to serve and file a second supplemental summons and second amended complaint to add Mylan Pharmaceuticals, Inc., John Doe MD I, and John Doe MD II as additional defendants to the action, and an extension of time to serve an affidavit of merit with respect to her medical malpractice claims. Mylan opposed the cross motion, asserting, inter alia, that the plaintiff had waived her untimeliness contention by accepting and retaining Mylan's motion papers without objection.
The NJ medical providers then moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them, alleging improper service of process on the individual defendants Shah, LaRosa, and Hinfey, and lack of personal jurisdiction as to all of the NJ medical providers based upon lack of minimum contacts with New York. The plaintiff cross-moved pursuant to CPLR 306-b for an extension of time to serve Shah, LaRosa and Hinley, or, in the alternative, to deem those defendants properly served.
In the order appealed from, the Supreme Court determined, in relevant part, that the plaintiff had waived any objection to the timeliness of Mylan's motion to dismiss. The court then granted that branch of Mylan's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it, granted that branch of the NJ medical providers' motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them, denied those branches of the plaintiff's cross motion which were for leave to enter a default judgment against Mylan and for leave to serve and file a second supplemental summons and second amended complaint to add Mylan Pharmaceuticals, Inc., John Doe MD I, and John Doe MD II as parties to the action, denied as academic that branch of the plaintiff's cross motion which was for an extension of time to serve an affidavit of merit with respect to the medical malpractice claims, and denied as academic the plaintiff's separate cross motion pursuant to CPLR 306-b for an extension of time to serve Shah, LaRosa, and Hinfey, or, in the alternative, to deem those defendants properly served.
As a threshold matter, under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the plaintiff waived her contention that Mylan's motion to dismiss was untimely (see Rozz v Law Offs. of Saul Kobrick, P.C., 134 AD3d 920, 921-922; Spagnoletti v Chalfin, 131 AD3d 901, 901-902; Glass v Captain Hulbert House, LLC, 103 AD3d 607, 608; Lai Har Chin v Yard, 40 AD3d 590, 590-591; Volin v City Beach Catering Corp., 166 AD2d 583, 584). Having lulled Mylan into withdrawing its pending motion to extend its time to answer the amended complaint by accepting, without objection, a courtesy copy of its July 1, 2015, motion to dismiss, the plaintiff could not, two months later, cross-move to enter a default judgment against Mylan (cf. Amaral v Smithtown News, Inc., 172 AD3d 1287, 1290). Accordingly, [*2]we agree with the court's determination to deny the branch of the plaintiff's cross motion which was for leave to enter a default judgment against Mylan, and to consider the merits of Mylan's pre-answer motion to dismiss.
Since, in her brief on appeal, the plaintiff does not challenge the merits of that branch of Mylan's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it—or the Supreme Court's related determination that any attempt to assert similar causes of action against Mylan Pharmaceuticals, Inc., would be "palpably insufficient"—we have not reviewed the court's determination on these issues. The court's determination granting that branch of Mylan's motion which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it, and the related denial of that branch of the plaintiff's cross motion which was for leave to serve and file a second amended complaint adding Mylan Pharmaceuticals, Inc., as an additional defendant, must therefore be affirmed.
The plaintiff contends that New York has long-arm jurisdiction over the NJ medical providers, on the ground that they supplied "services in th[is] state" (CPLR 302[a][1]). This contention lacks merit. The medical treatment in question occurred in New Jersey. The connection of the medical providers with New York is that they discharged a patient under their care to her home in New York, where she filled prescriptions allegedly provided by them, and took the medicine prescribed. The alleged conduct of the NJ medical providers did not constitute transacting business in this state (see Paterno v Laser Spine Inst., 24 NY3d 370, 375; Etra v Matta, 61 NY2d 455). Further, a state's authority over a nonresident defendant requires certain "minimum contacts" with the forum state, which the defendant himself or herself created (Walden v Fiore, 571 US 277, 283-284 [internal quotation marks omitted]). The minimum contacts must be with the forum state, and not just with a resident of the forum state (see id. at 285). Here, the NJ medical providers' contacts were with the plaintiff, a resident of New York, but not with New York itself. The NJ medical providers came into contact with the plaintiff only because she sought treatment from them in New Jersey (see O'Brien v Hackensack Univ. Med. Ctr., 305 AD2d 199, 201). Accordingly, we agree with the Supreme Court's determination granting that branch of the NJ medical providers' motion which was pursuant to CPLR 3211(a)(8) to dismiss the amended complaint insofar as asserted against them.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court