DeVries v Jim Duffy LLC (2021 NY Slip Op 50068(U))

[*1]

DeVries v Jim Duffy LLC

2021 NY Slip Op 50068(U) [70 Misc 3d 137(A)]

Decided on January 29, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 29, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570213/20

Hent DeVries and Orna Ophir,
Plaintiffs-Respondents, 
against
Jim Duffy LLC and Living Unlimited Corp.,
Defendants-Appellants.

Defendants appeal from a judgment of the Civil Court of the City of New York, New York
County (Jose A. Padilla, Jr., J.), entered July 24, 2019, which, upon a prior order granting
plaintiffs' motion for summary judgment, awarded plaintiffs damages in the principal sum of
$10,089.

Per Curiam.
Judgment (Jose A. Padilla, Jr., J.), entered July 24, 2019, affirmed, with $25 costs.
Civil Court properly granted plaintiffs' motion for summary judgment on their claim for
return of the balance of their security deposit that defendant-lessor, Jim Duffy LLC, admittedly
improperly commingled in violation of General Obligations Law § 7—103(1). As a
result of such commingling, defendants forfeited any right they had to avail themselves of the
security deposit "for any purpose," entitling plaintiffs to its "immediate" return (Jimenez v
Henderson, 144 AD3d 469, 470 [2016]; see Milkie v Guzzone, 143 AD3d 863, 864
[2016]; Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc., 68 AD3d 440 [2009]; Dan
Klores Assoc. v Abramoff, 288 AD2d 121 [2001]). Thus, "there is no merit to defendant[s']
argument that plaintiff[s'] alleged repudiation of the lease agreement relieved [them] of any
obligation to maintain advance rent and security deposits in a segregated account" (LeRoy v
Sayers, 217 AD2d 63, 68 [1995][internal quotation marks and alteration omitted]).
Although a party to whom a security deposit has been given may cure a commingling defect
(see Harlem Capital Ctr., LLC v Rosen & Gorden, LLC, 145 AD3d 579 [2016];
Spagnoletti v Chalfin, 131 AD3d 901 [2015]), Duffy's conclusory averments regarding
his "standard practice" in handling security deposits failed to raise a triable issue of fact.
Defendants' remaining contentions are not properly before us on this appeal or are [*2]without merit. All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 29, 2021