## Schottenstein v Axia Realty, LLC

2026 NY Slip Op 30948(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 653907/2024

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

FILED: NEW YORK COUNTY CLERK 03/10/2026 11:08 AM
NYSCEF DOC. NO. 68
INDEX NO. 653907/2024
RECEIVED NYSCEF: 03/10/2026

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** **HON. PHAEDRA F. PERRY-BOND** | **PART** | **35** |
| *Justice* | | |

-----------------------------------------------------------------------------X

JONATHAN SCHOTTENSTEIN, NICOLE SCHOTTENSTEIN

Plaintiff,

- v -

AXIA REALTY, LLC, C/O ALDAD & ASSOCIATES PC,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653907/2024 |
| **MOTION DATE** | 06/05/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 65, 67

were read on this motion to/for _____JUDGMENT - SUMMARY_____ .

Upon the foregoing documents, Plaintiffs' motion for summary judgment is denied without prejudice with leave to renew after further discovery.

## I.     Background

From May 15, 2023, through June 30, 2024, Plaintiffs leased (the "Lease") 40 East 72nd Street, Unit 6/PH, New York, New York (the "Penthouse") from Defendant Axia Realty, LLC ("Landlord") for $52,000.00 per month. Pursuant to the Lease, Plaintiffs provided Landlord with a security deposit of one month's rent ($52,000.00). Prior to moving into the Penthouse, Plaintiffs allegedly conducted a walk through and observed numerous damaged elements – including broken doors, damages floors, damaged shelves, scuff marks, molding damage, a broken washer/dryer, and leaking shower faucets (the "Existing Damage"). Plaintiffs allegedly complained to Landlord and their broker about the Existing Damage to no avail. In June of 2023, Plaintiffs contacted the Landlord's contractor (the "Contractor"), but the Contractor never completed any repairs.

653907/2024   SCHOTTENSTEIN, JONATHAN ET AL vs. AXIA REALTY, LLC, C/O ALDAD & ASSOCIATES PC,
Motion No. 001

Page 1 of 7

Landlord refutes this and claims it paid a contractor to make repairs to the items that Plaintiffs complained about.

In November of 2023, the Contractor allegedly contacted Plaintiffs about a leak and requested access to assess possible damage. In December of 2023, the Contractor opened the bathroom ceiling to identify the source of the alleged leak, but the Contractor allegedly never closed the ceiling hole in the bathroom. Plaintiffs vacated at the end of the Lease. But in July 2024, Landlord sent Plaintiffs an itemized statement for repairs which cost over $62,000. As a result, Plaintiffs brought this lawsuit seeking the return of their security deposit pursuant to General Obligations Law § 7-103.

Landlord asserted several affirmative defenses and several counterclaims. Landlord asserts the repairs were made were necessitated by damage caused during Plaintiffs' tenancy, and Landlord to recover costs related to making those repairs, lost rent incurred by the delay in renting the Penthouse caused by the repairs, and attorneys' fees. There appears to have been a limited exchange of paper discovery, but there have not yet been any depositions, nor has there been a preliminary conference, despite Plaintiffs filing their request for judicial intervention with a request for a preliminary conference on November 26, 2024. In June of 2025, Plaintiffs moved for summary judgment seeking dismissal of Landlord's affirmative defenses and counterclaims, summary judgment on their first cause of action for return of the $52,000.00 security deposit, and for attorneys' fees.

Landlord opposes[1] and proffers staging photographs taken before Plaintiffs occupied the Premises which purportedly show a defect free Penthouse (NYSCEF Doc. 52). Landlord also relies

---

[1] Landlord's prior attorneys moved to be relieved as counsel during the briefing of the instant motion. That application was granted on August 21, 2025 and this matter was stayed for thirty days (NYSCEF Doc. 38). However, this motion's return date had already passed when Landlord's prior attorneys were granted leave to withdraw. Landlord's new attorneys appeared and filed opposition on October 31, 2025. Although technically late, given the circumstances,

653907/2024  SCHOTTENSTEIN, JONATHAN ET AL vs. AXIA REALTY, LLC, C/O ALDAD & ASSOCIATES PC, Motion No. 001

Page 2 of 7

2 of 7

on an invoice from August 27th, 2023, which purportedly shows repairs to the conditions Plaintiffs complained about were made (NYSCEF Doc. 54). Landlord produced photographs of the Penthouse post-occupancy which purportedly shows the damage caused by Plaintiffs (NYSCEF Doc. 55). Landlord further produced an invoice dated July 4, 2024 which sets forth the costs to repair the damage allegedly caused by Plaintiffs (NYSCEF Doc. 56), and photographs of some of those repairs being conducted (NYSCEF Doc. 60). Landlord argues Plaintiffs failed to meet their *prima facie* burden on summary judgment and the evidence produced in opposition raises issues of fact. Finally, Landlord argues it complied with the law regarding retention of security deposits.

## II. Discussion

### A. Standard

"On a motion for summary judgment, the movant must make a prima facie showing by submitting evidence that demonstrates the absence of any material issues of fact. Once that initial showing has been made, the burden shifts to the opposing party to show there are disputed facts requiring a trial" (*Nellenback v Madison County*, 44 NY3d 329, 334 [2025] [internal quotations and citations omitted]). The movant's burden is heavy, and the facts must be viewed in the light most favorable to the non-movant (*Jacobsen v New York City Health and Hospitals Corp.*, 22 NY3d 824, 833 [2014]).

"If the moving party fails to meet this initial burden, summary judgment must be denied 'regardless of the sufficiency of the opposing papers'" (*Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014] quoting *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). "It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of

---

because Plaintiffs had an opportunity file their reply, and in the interest of resolving cases on the merits, the Court considers the late opposition papers.

653907/2024  SCHOTTENSTEIN, JONATHAN ET AL vs. AXIA REALTY, LLC, C/O ALDAD & ASSOCIATES PC, Motion No. 001

Page 3 of 7

3 of 7

fact" but rather the Court's function is to identify material triable issue of fact or point to the lack thereof (*Vega, supra* at 505 [2012]).

## B. Plaintiffs' Breach of Contract Claim

Plaintiffs' motion for summary judgment on the first cause of action for breach of contract is denied, without prejudice, with leave to renew upon further discovery. To meet their *prima facie* burden of demonstrating a breach of contract claim, Plaintiffs must show the existence of a contract, Plaintiffs' performance, Landlord's breach, and resulting damages (*see Markov v Katt*, 176 AD3d 401 [1st Dept 2019]). To the extent Plaintiffs argue that Landlord breached by failing to return their full security deposit based on an allegedly pretextual claim that Plaintiffs caused significant damage to the Unit, issues of fact preclude a finding in favor of Plaintiffs on this argument (*14 East 4th Street Unit 509 LLC v Toporek*, 203 AD3d 17, 24-26 [1st Dept 2022]). Disputes over whether repairs were required, when the damage took place, and the reasonable cost of rectifying those repairs cannot be resolved at this juncture without further discovery.

Although included under the "breach of contract" cause of action, Plaintiffs appear to be seeking the return of their security deposit not due to a breach of contract but based on an alleged violation of General Obligations Law § 7-103. In pertinent part, that statute reads as follows:

> "1. Whenever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving the same…

> 2. Whenever the person receiving money so deposited or advanced shall deposit such money in a banking organization, such person shall thereupon notify in writing each of the persons making such security deposit or advance, giving the name and address of the banking organization in which the deposit of security money is made, and the amount of such deposit…."

653907/2024   SCHOTTENSTEIN, JONATHAN ET AL vs. AXIA REALTY, LLC, C/O ALDAD &
ASSOCIATES PC,
Motion No. 001

Page 4 of 7

There is no dispute that Plaintiffs were provided notice that the security deposit was held at a Chase Bank in New York, but that notice did not provide the address of the Chase Bank in violation of General Obligations Law § 7-103(2). The violation of General Obligations Law § 7-103(2) raises an inference that the security deposit was improperly commingled, but the inference can be rebutted (*Harlem Capital Center, LLC v Rosen & Gordon, LLC*, 145 AD3d 579, 579-580 [1st Dept 2016]). In opposition to the motion, Landlord rebutted the inference of commingling. Specifically, Antonia Milonas, the managing member of Landlord, swore under penalty of perjury that Plaintiffs' security deposit was kept in a sealed envelope marked "SCHOTTENSTEIN SECURITY DEPOSIT" which remained in Landlord's safe deposit box, and was only unsealed and deposited into Landlord's operating account after Plaintiffs were provided a timely and itemized list of damages pursuant to General Obligations Law § 7-108(1-a)(e) (*see also Finnerty v Freeman*, 176 Misc.2d 220, 221 [2d Dept. App Term 1998] [ keeping security deposit in sealed envelope indicating it was tenants' security deposit, and retaining envelope among personal possessions, constituted sufficient compliance with General Obligations Law § 7-103]). Moreover, there is no requirement that the security deposit be placed in an interest-bearing account pursuant to General Obligations Law § 7-103(2-a) as there is no evidence that the rental property contained six or more family dwelling units. Plaintiffs have not come forward with any evidence showing Ms. Milonas's affidavit is false.

Based on this record, without further discovery from Ms. Milonas and the methods through which Plaintiffs' security deposit was held, the Court finds it premature to grant summary judgment under General Obligations Law § 7-103 (*see also Brooklyn Industries LLC v Hudson 500 LLC*, 2018 N.Y. Slip Op. 32714[U] at *2-3 [Sup. Ct., NY County 2018] [Lebovits, J.]). Ultimately, if Landlord violated General Obligations Law § 7-103, the costs expended on repairs

to the Penthouse is no defense (*23 E. 39th St. Mgt. Corp. v 23 E. 39th St. Dev., LLC*, 134 AD3d 629, 631 [1st Dept 2015]). Moreover, on a future motion or at the time of trial, it will be Landlord's burden to prove the security deposit was properly segregated. However, given unresolved issues of fact based on Ms. Milonas's sworn affidavit, and considering there has been little discovery and no depositions, the motion for summary judgment based on the alleged violation of General Obligations Law § 7-103 is denied without prejudice (*Harlem Capital Ctr., LLC v Rosen & Gordon, LLC*, 145 AD3d 579, 580 [1st Dept 2016]). Because this branch of the motion is denied as premature, the branch of the motion seeking attorneys' fees is likewise denied.

### C. Dismissal of Counterclaims and Affirmative Defenses

The branch of the motion seeking dismissal of the counterclaims is denied. Although Plaintiffs claim they inspected the Unit and complained about various defects, they also signed the Lease which at ¶ 29 stated that Plaintiffs had the opportunity to inspect the Unit and they accepted the Unit "in its present condition 'as is'" (*see* NYSCEF Doc. 16).[2] The photographs annexed on Plaintiffs' motion in chief are also in black and white and it is almost impossible to see the alleged defects claimed, and in any event there are issues of fact as to what the pre-existing defects consisted of or whether they were repaired by Landlord prior to Plaintiffs vacating the Unit.

Plaintiffs failed to proffer any other particularized arguments for dismissal of the counterclaims and affirmative defenses aside from a passing reference to General Obligations Law § 7-108(c), whose violation remains an issue of fact. Therefore, the Court finds the remainder of Plaintiffs' motion, namely seeking dismissal of the numerous affirmative defenses, unavailing, especially in the absence of any particularized arguments (*Granite State Ins. Co. v Transatlantic Reinsurance Co.*, 132 AD3d 479, 481 [1st Dept 2015] [plaintiff's burden on a CPLR 3211(b)

---

[2] It is worth noting the Lease is not for an ordinary residential rental unit where perhaps the tenant would have little to no bargaining power. This Lease was for a luxury penthouse leasing for over $50,000 per month.

**653907/2024  SCHOTTENSTEIN, JONATHAN ET AL vs. AXIA REALTY, LLC, C/O ALDAD & ASSOCIATES PC, Motion No. 001**

**Page 6 of 7**

motion is a heavy one]). Likewise, any arguments made for the first time on reply are disregarded (*see, e.g. Schirmer v Athena-Liberty Lofts, LP*, 48 AD3d 223 [1st Dept 2008]). The Court declines to grant Landlord's request to search the record and grant it summary judgment dismissing the Complaint as improperly made and, in any event, precluded by the very same issues of fact which prevent Plaintiffs from obtaining summary judgment.

Accordingly, it is hereby,

ORDERED that Plaintiffs' motion for summary judgment is denied, without prejudice, with leave to renew upon further discovery; and it is further

ORDERED that the parties shall meet and confer immediately and shall submit a proposed preliminary conference order to the Court via e-mail, but in no event shall the proposed preliminary conference order be submitted any later than April 21, 2026. If there is a serious discovery dispute the parties shall notify the Court via e-mail so an in-person conference can be scheduled; and it is further

ORDERED that if the parties wish to resolve this dispute through the Court's sponsored ADR program, they shall notify the Court so the appropriate referral order may be issued; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 3/9/26 | | HON. PHAEDRA F. PERRY-BOND, J.S.C. |
|---|---|---|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

653907/2024  SCHOTTENSTEIN, JONATHAN ET AL vs. AXIA REALTY, LLC, C/O ALDAD & ASSOCIATES PC, Motion No. 001

Page 7 of 7

[* 7]

7 of 7