■ UNIVERSITY PROPERTY, LLC, Appellant, v JOHN VARTANIAN et al., Respondents. [841 NYS2d 533]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 11, 2006, which granted defendants' motion for attorneys' fees and referred the matter to a Special Referee for hearing and report, unanimously affirmed, with costs.

Plaintiff landlord commenced this action to evict defendants from a residential apartment in Manhattan. The first and second causes of action sought declarations that the lease was void as, respectively, against public policy and as a "sweetheart lease" that was lacking in consideration. The third cause of action sought a declaration that the apartment was not defendants' primary residence. The fourth cause of action, denominated "Breach of Lease," alleged that defendants "have breached the lease agreement" by entering into the "purported lease agreement" and by not maintaining the apartment as their primary residence. The fifth cause of action, denominated "Ejectment," essentially repeats the allegations of the fourth cause of action, including the allegation that "[d]efendants have breached their lease-agreement." On these latter two causes of action, plaintiff sought judgment "declaring defendants in breach of their lease representing [*sic*] use and occupancy" and "a judgment of possession and a writ of assistance." The sixth cause of action repeated the previous allegations of the complaint and, consistent with how it is denominated, "Restitution and Use and Occupancy," sought a money judgment. The

seventh and final cause of action relied on a provision of the lease permitting the landlord to recover from the tenant legal fees incurred by the landlord because of a lease default by the tenant. Accordingly, the seventh cause of action alleged that plaintiff is entitled to recover attorneys' fees "[a]s a result of the conduct by the [d]efendants . . . in breaching their lease."

Thereafter, by an order dated October 18, 2005, from which plaintiff did not appeal, Supreme Court denied plaintiff's motion for summary judgment, granted defendants' cross motion for summary judgment and dismissed the complaint. Defendants, however, subsequently moved for attorneys' fees, relying on the relevant provisions of the lease and Real Property Law § 234. Plaintiff appeals from the order granting defendants' motion and referring the determination of the amount of the fees to a Special Referee to hear and report.

Under paragraph 20 (a) (5) of the lease, the tenant is required to reimburse the landlord for "[a]ny legal fees and disbursements for legal actions or proceedings brought by [the landlord] against [the tenant] because of a lease default by [the tenant]." Accordingly, and as paragraph 20 (b) of the lease recognizes, defendants are entitled to recover attorneys' fees from plaintiff pursuant to the implied covenant of Real Property Law § 234. Under this covenant, the tenant is entitled to recover reasonable attorneys' fees and expenses "incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease" (Real Property Law § 234).

Obviously, in obtaining a dismissal of the complaint on their cross motion for summary judgment, defendants mounted a "successful defense." Supreme Court correctly resolved in defendants' favor the only remaining issue, whether that "successful defense" was raised in "any action or summary proceeding commenced by the landlord against the tenant *arising out of* the lease" (Real Property Law § 234 [emphasis added]). When an action brought by a landlord against a tenant rests on a claim by the landlord that the tenant has violated an obligation under the lease, the action unquestionably is one that "aris[es] out the lease" (*see Matter of Duell v Condon*, 84 NY2d 773, 782-783 [1995]; *Kuttas v Condon*, 290 AD2d 492, 492-493 [2002]; *Troy v Oberlander*, 146 AD2d 460, 461-462 [1989]). The third, fourth, fifth and seventh causes of action expressly alleged, and the sixth cause of action at least implicitly alleged, that defendants had breached the lease. Whether the first two causes

of action to declare the lease void are causes of action that "aris[e] out of the lease" is an issue we need not resolve. Even if we were to hold that they do not "aris[e] out of the lease," plaintiff's unsuccessful assertion of these causes of action hardly would warrant the conclusion that defendants are not entitled to attorneys' fees even though they successfully defended against all the other causes of action that do "aris[e] out of the lease." Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.