Moore v Beautiful Spaces, LLC (2021 NY Slip Op 01850)





Moore v Beautiful Spaces, LLC


2021 NY Slip Op 01850


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 154302/18 Appeal No. 13258-13258A Case No. 2020-02707 

[*1]Charles William Moore et al. Plaintiffs-Appellants-Respondents,
v
Beautiful Spaces, LLC, Defendant-Respondent-Appellant.


Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants-respondents.
Kellner Herlihy Getty & Friedman, LLP, New York (Carol Anne Herlihy of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered August 6, 2020, after a nonjury trial, in favor of defendant, unanimously modified, to remand to the trial court for a determination of reasonable attorneys' fees and interest pursuant to CPLR 5001, and otherwise affirmed, without costs. Defendant's appeal from order, same court and Justice, entered May 12, 2020, deemed an appeal from the judgment (CPLR 5520[c]). Plaintiffs' appeal from the order, unanimously dismissed, without costs, as subsumed in its appeal from the judgment.
The court providently exercised its discretion in declining to permit plaintiffs to call a rebuttal witness to testify after defendant presented its case on its counterclaim, since the witness's proposed testimony would have been merely cumulative and would not have changed the result (see Matter of Honig, 213 AD2d 229 [1st Dept 1995]). Similarly, plaintiffs were not entitled to an adverse inference charge for defendant's failure to turn over a video that purportedly depicted the same damage to the apartment as was shown in the 60 photographs entered into evidence.
We see no basis for disturbing the damages award, apart from the award of attorneys' fees and interest as provided below. The court's findings of fact turned primarily upon credibility determinations, which are entitled to deference, and represent a fair interpretation of the evidence (see Wong v Hsia Chao Yu, 160 AD3d 549 [1st Dept 2018]).
The court correctly determined that plaintiffs failed to establish their claim that defendant commingled the deposit in violation of General Obligations Law § 7-103, even assuming that their security deposit and rent were initially deposited into the same account (see Harlem Capital Ctr., LLC v Rosen & Gordon, LLC, 145 AD3d 579 [1st Dept 2016]).
Supreme Court erred in declining to award attorneys' fees on the ground that the central relief sought by defendant was "in the nature of tort." The lease provides that in the event of a legal dispute "the winning party may recover attorneys' fees in all lease disputes between landlord and tenant arising out of or in connection with the lease." Defendant's counterclaims arise from plaintiffs' breach of lease provisions providing that plaintiffs would, inter alia, "take good care of the Apartment and all equipment and fixtures in it." Plaintiffs would not have had lawful access to the space they damaged absent their leasehold. "When an action brought by a landlord against a tenant rests on a claim by the landlord that the tenant has violated an obligation under the lease, the action unquestionably is one that arises out of the lease" (University Prop., LLC v Vartanian, 43 AD3d 689, 690 [1st Dept 2007][internal quotation and marks and brackets omitted]).
Because Supreme Court treated defendant's counterclaims as sounding in tort and not in contract, it did not grant defendant's request for prejudgment interest pursuant to CPLR 5001(a). Since their counterclaims [*2]arise from the parties' lease, defendants are entitled to such interest (Solow v Wellner,86 NY2d 582, 589-590 [1995]) which should be computed on remand.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021