## 322 W. 47th St. HDFC v Loo

2024 NY Slip Op 34155(U)

November 26, 2024

Supreme Court, New York County

Docket Number: Index No. 160162/2014

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. DAVID B. COHEN**

*Justice*

PART 58

-----------------------------------------------------------------------------X

322 WEST 47TH STREET HDFC,

                Plaintiff,

- v -

MARGIE LOO, CAMILLE TIBALDEO, LAWRENCE
GUARINO, RAFAEL PEREZ

                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160162/2014 |
| MOTION DATE | 02/09/2024 |
| MOTION SEQ. NO. | 013 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 013) 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 503, 504, 505, 506

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER  .

Defendant/counterclaim-plaintiff Lawrence Guarino (Guarino) moves, pursuant to CPLR Rule 3212(b), for summary judgment, dismissing the claim of plaintiff/counterclaim-defendant 322 West 47th Street HDFC (plaintiff), and for a judgment declaring that Guarino is a shareholder of apartment 5B at the premises and ordering that plaintiff issue him a stock certificate. Additionally, pursuant to RPL § 234, Guarino moves for reasonable attorney's fees and costs associated with the successful defense of this action.

## I.     Factual and Procedural Background

The present action arises out of a holdover proceeding commenced by plaintiff against Guarino.[1] This is Guarino's second motion for summary judgment. In the June 2020 decision on the first motion, summary judgment was denied, but Guarino was granted leave to amend his pleadings after the discovery of new facts.

---

[1] There are two other plaintiffs in this action who are not party to the current motion.

**160162/2014  322 WEST 47TH STREET HDFC vs. LOO, MARGIE**
  **Motion No.  013**

**Page 1 of 12**

1 of 12

[* 1]

A full recitation of the facts is set forth in the June 2020 Decision (NYSCEF 438). As pertinent here, in February 2008, plaintiff's then-board president Martha Hauze became the subject of a nearly five-year derivative action (Derivative Action) commenced by plaintiff's shareholders and board members Betty Benavides and Cindy Ho, who are not parties in this action (NYSCEF 334). The complaint alleged, in part, that plaintiff's board of directors ousted Hauze from the presidency because of various disputed activities, and elected Benavides as president/treasurer and Ho as secretary, but Hauze continued to act as president to the detriment of plaintiff's operations (NYSCEF 334). Hauze counterclaimed and alleged that all third-party contracts entered into by Benavides and Ho on behalf of plaintiff should be deemed void.

Meanwhile, on June 3, 2009, Benavides and Ho held a board meeting where Guarino signed the shareholder proprietary lease for apartment 5F with a term beginning June 3, 2009, and ending on January 19, 2092 (NYSCEF 316). Benavides signed the proprietary lease as president on plaintiff's behalf, and Ho signed as a witness, although not as an officer (NYSCEF 316). According to Guarino's attorney, Lawrence A. Omansky, who witnessed the closing, in addition to the signing of the lease, the parties also signed shares of stock (NYSCEF 340).

The proprietary lease indicates that plaintiff had accepted Guarino's "security rent deposit of $250.00" as payment in full for the shares (NYSCEF 316). Omansky filed and recorded the conveyance with the New York City Department of Finance, making it available on the New York City Automated Registration Information System (ACRIS) (NYSCEF 340).

In 2012, a jury trial was held in the Derivative Action, and the jury found that Hauze had not breached her fiduciary duties, and that Benavides and Ho had. Furthermore, the jury denied Hauze's "claim that any contract executed by [Benavides and Ho] be declared void; but the

**160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE**
**Motion No.  013**

**Page 2 of 12**

2 of 12

[* 2]

Court declare[d] and enjoin[ed] [Benavides and Ho] from acting on behalf of the [plaintiff]" (NYSCEF 337).

Plaintiff commenced this action in 2014 seeking a judgment of possession and the eviction of Guarino, along with three other holdover tenants, from the building (NYSCEF 342). Guarino counterclaimed seeking a declaration that he was not a holdover tenant, but a shareholder and the rightful owner of the shares to apartment 5F, and an order that plaintiff provide him with a certificate of shares evincing his ownership thereof (NYSCEF 343).

In 2019, plaintiff moved for summary judgment and the dismissal of Guarino's affirmative defenses and counterclaims (NYSCEF 255). Guarino cross-moved for summary dismissal of the complaint and an order granting judgment on his counterclaims (NYSCEF 303).

On June 23, 2020, Guarino's summary judgment motion was denied by this court, on the ground that questions of material fact still existed, including: i) whether Benavides was in good stead and had actual authority, or reasonably believed that she did, to sign on behalf of plaintiff; ii) whether Guarino was a good faith purchaser and reasonably relied on Benavides's presumed authority; iii) how Guarino understood Hauze's May 2009 letter concerning Benavides's lack of legal authorization to act on behalf of the corporation; iv) the seeming disparity between the description of the transaction of the sale as recorded in the lease and witnessed by Guarino's attorney, and the absence of corroboration of the sale in plaintiff's books and records; v) whether plaintiff customarily did not provide certificates of shares to shareholders; and vi) whether Benavides's failures to follow through with the administrative procedures as to the sale of shares would unfairly penalize Guarino. For similar reasons, plaintiff's motion for summary judgment was also denied (NYSCEF 438).

160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE
Motion No.  013

Page 3 of 12

[* 3]

In the same June 2020 Decision, Guarino was also granted leave to amend his pleading to add a claim of collateral estoppel as a new third counterclaim. This court noted that "although plaintiff argues it did not have knowledge of the signing of the proprietary lease in 2009, Guarino has alleged that Hauze was given notice of the April 2009 board meeting the subject of which was the vote and approval of the closing on Guarino's apartment and can be deemed to have known of its signing. The transaction was also recorded in ACRIS, a public database" (NYSCEF 438). The court further held that "Guarino has thus proposed sufficient allegations upon which it could be argued that plaintiff should be collaterally estopped from challenging the proprietary lease" and that "[p]laintiff's assertions that it only learned of the proprietary lease after the conclusion of the derivative action and should have the opportunity to challenge its legality, and that [the court in the Derivative Action] did not explicitly rule on the legitimacy of the proprietary lease, merely raise questions of fact but are not enough to result in a denial of Guarino's motion to amend" (*id.*).

The June 2020 Decision was affirmed by the Appellate Division, First Department in 2021, on the ground that "[t]he motion court properly denied the motion and cross motion seeking summary judgment on Guarino's second amended counterclaim seeking a declaration that he is the proprietary lessee of the apartment under the 2009 proprietary lease and directing [plaintiff] to issue a share certificate for the shares to the apartment, given the sharply contested facts and questions of credibility to be resolved by the trier of fact" (*322 W. 47th St. HDFC v Tibaldeo*, 196 AD3d 411 [1st Dept 2021]).

After the motion to amend was granted, Guarino's deposition was taken on February 1, 2023 (NYSCEF 484), Hauze's deposition was taken on February 28, 2023 (NYSCEF 485), and Benavides's deposition was taken, pursuant to subpoena, on March 14, 2023 (NYSCEF 486).

**160162/2014    322 WEST 47TH STREET HDFC vs. LOO, MARGIE**
**Motion No.  013**

**Page 4 of 12**

Ho's deposition was taken, pursuant to subpoena, on March 3, 2023, and March 30, 2023 (NYSCEF 487), and Omansky was deposed, pursuant to subpoena, on April 4, 2023 (NYSCEF 288).

At Omansky's deposition, a letter he sent to Housing Conservation Coordinators, counsel for Hauze, dated May 5, 2009, was marked for identification (NYSCEF 489), as well as a letter sent by Housing Conservation Coordinators, to Omansky (NYSCEF505). A copy of plaintiff's bylaws, produced pursuant to Guarino's Notice to Produce, was also marked for identification (NYSCEF 409).

As pertinent here, the bylaws provide that "a majority of the directors shall constitute a quorum for the transaction of business, and the acts of the majority of the directors present at a meeting at which a quorum is present shall be the acts of the board." The bylaws further state that "[n]o sale, assignment or transfer of Shares allocated to any Apartment shall be effective until the requirements of this Section 4 have been complied with," and section 4 of the bylaws provides, in relevant part, that the board "shall not make any transfer except on proof that the terms and conditions set forth in the Note and Security Agreement have been satisfied, including that the Corporation shall (a) collect for the City forty (40%) percent of the Apartment Profit received on each sale, transfer or exchange of the individual units in the Housing Project, and (b) remit to the City a copy of the Affidavit of Sale executed in each such apartment sale, transfer or exchange." Furthermore, the bylaws' section entitled "Authorized Signatures" provides that "[w]ith the prior authorization of the Board, all notes and contracts, including Proprietary Leases, shall be signed on behalf of the Corporation by two officers, including: the President or the Vice President and by the Secretary or Treasure… ." (NYSCEF 483).

**160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE**          **Page 5 of 12**
  **Motion No.  013**

5 of 12

### III.    Legal Analysis

#### A.    *Successive Summary Judgment*

##### 1.    Contentions

Guarino asserts his second motion for summary judgment raises new issues beyond the scope of his initial motion, arising from the extensive discovery conducted after the resolution of the earlier motion, and the introduction of new facts as testified to by Benavides, Ho, and Omansky, and also based on the ground of collateral estoppel.  He argues that the new deposition testimony offers new evidence that shows Hauze was aware of the proprietary lease transaction, and that plaintiff is precluded from relitigating such issues on the basis of collateral estoppel. Furthermore, because the merits of his collateral estoppel argument were not addressed by the court, Guarino contends he is not asking this court to repeat the same analysis in his new motion.

Plaintiff opposes, asserting that Guarino's second motion should be barred because it contains no new facts different from his initial motion and/or which were not available at the time his first motion was argued, and as that motion was denied in its entirety.

##### 2.    Analysis

It is well-settled that multiple summary judgment motions by the same party are disfavored in the absence of newly discovered evidence or sufficient cause (*Dembele v Action Carting Envtl. Svces., Inc*., 211 AD3d 508 [1st Dept 2022]; *Amill v Lawrence Ruben Co., Inc*., 117 AD3d 433 [1st Dept 2014]; *Jones v 636 Holding Corp*., 73 AD3d 409 [1st Dept 2010]). Courts will not allow parties to "make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment" (*Debevoise & Plimpton LLP v Candlewood Timber Group LLC*, 102 AD3d 571 [1st Dept 2013] [citation omitted]).

**160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE**
**Motion No.  013**

**Page 6 of 12**

In the June 2020 Decision, Guarino was permitted to amend his pleading because he alleged a potential claim based on collateral estoppel, which did not exist in his original pleading and arose due to new information gained over the course of discovery. Thus, the amended pleading itself and the newly-taken depositions show that Guarino's second summary judgment motion is distinct from the first, and it is therefore not an improper successive summary judgment motion.

### B.   *Unsigned Transcripts*

#### 1.   Contentions

Plaintiff argues that the only new facts offered by Guarino arise from unsigned deposition transcripts that are inadmissible and thus cannot be used as evidence.

In response, Guarino maintains that the deposition transcripts are admissible because no party contested their accuracy, and they are each individually certified. Guarino further asserts that as deposing counsel, plaintiff's failure to follow proper procedure, namely sending transcripts to deponents for verification, precludes it from raising an admissibility argument based on such a procedural flaw.

#### 2.   Analysis

Pursuant to CPLR 3116, the deposing party must submit the deposition to the deponent to be reviewed, corrected as necessary and signed, but "[i]f the witness fails to sign and return the deposition within sixty days, it may be used as fully as though signed." An unsigned transcript certified by the court reporter and not challenged as inaccurate can be considered on a motion for summary judgment (*Bennett v Berger,* 283 AD2d 374, 37 [1st Dept 2001]). "[A]n unsigned but certified transcript may be used as an admission, especially where, as here, there is no dispute as

**160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE**
**Motion No.  013**

**Page 7 of 12**

7 of 12

to the accuracy of the transcript" (*Luna v CEC Entertainment, Inc.* 159 AD3d 445 [1st Dept 2018] [internal citation omitted].

Here, while plaintiff asserts the deposition transcripts are inadmissible because they lack the deponents' signatures, it does not offer any evidence that it submitted the deposition transcripts to the deponents to review in the first place. In any event, although the deposition transcripts were unsigned, they were certified by the court reporter who transcribed them, and no deponent disputes their accuracy. Therefore, the deposition transcripts are admissible (CPLR 3116 [a]; *Franco v Rolling Frito–Lay Sales, Ltd*., 103 AD3d 543 [1st Dept 2013]).

C.      *Summary Judgment*

1.      Contentions

In the instant motion, Guarino reiterates his previous arguments made in his first motion (NYSCEF 304) but in light of new evidence established through discovery and not available when he filed the first motion, Guarino asserts there are no material issues of fact as to whether he is the proprietary lessee and shareholder of the of apartment 5B and is accordingly entitled to the stock certificate at issue. Guarino contends that the new evidence demonstrates that he paid for the shares and abided by the other duties delineated in the proprietary lease, actions entitling him to the certificate. He also maintains that the propriety of his lease was a core issue in the Derivative Action, and the jury refused to nullify any contracts Benavides and Ho had entered into on behalf of plaintiff. Guarino also maintains, despite any dispute within plaintiff among the board member's authority, the transcripts confirm Benavides and Ho's legitimate actions on behalf of plaintiff, and Guarino's reasonable belief in their authority.

Plaintiff asserts that there exist contradictions among the deposition testimonies which are sufficient to raise multiple questions of fact. Additionally, plaintiff argues that the signing of

160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE                                    Page 8 of 12
  Motion No.  013

8 of 12

[* 8]

the proprietary lease failed to comply with plaintiff's bylaws, thereby invalidating the lease. Finally, plaintiff maintains that Guarino failed to address the questions of fact raised by the court in the June 2020 Decision.

2.    Analysis

The movant on a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr*., 64 NY2d 851, 853 [1985]).  The motion must be supported by evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and by the pleadings and other proof such as affidavits, depositions and written admissions (*see* CPLR 3212).  The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp*., 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).  Once the movant meets its burden, it is incumbent upon the non-moving party to establish the existence of material issues of fact (*id., citing Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).  The court may not weigh the credibility of affiants on a motion for summary judgment unless it clearly appears that the testimony "consisted only of feigned issues of fact" (*Best v 1482 Montgomery Estates, LLC,* 114 AD3d 555 [1st Dept 2014]; *see Glick & Dolleck, Inc. v Tri-Pac Export Corp.,* 22 NY2d 439 [1968]).

The "[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Vega*, 18 NY3d at 503 [internal quotation marks and citation omitted]).

Here, while Guarino relies on plaintiff's bylaws to illustrate that the sale and signing of the proprietary lease were a valid transfer of shares from plaintiff to Guarino, plaintiff cites to

**160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE**
**Motion No.  013**

**Page 9 of 12**

additional bylaws that allegedly mark the transaction as "ineffective and null and void" (NYSCEF 500), thus showing a possible ambiguity in the bylaws.

Additionally, the bylaws state that plaintiff must collect forty percent of the profit from the sale of shares for the city and remit a copy of the affidavit of sale to the city for a transfer to be effective. No evidence of such collection was presented by either party and although Guarino shows that he filed the sale with ACRIS, it is unclear whether this satisfies the requirement. Although Guarino asserts that he should not be penalized for plaintiff's failure to abide by the bylaws, whether these procedural formalities are dispositive in invalidating the proprietary lease is a question of fact for the fact-finder.

Moreover, the new evidence does not resolve the questions of fact highlighted in the June 2020 decision, and credibility issues remain which may not be resolved on a motion for summary judgment (*see Art Capital Group, LLC v Rose*, 149 AD3d 447 [1st Dept 2017]). As there are numerous outstanding questions of fact, Guarino's motion for summary judgment is denied.

### C. *Collateral Estoppel*

#### 1. Contentions

Guarino asserts this motion presents the opportunity to determine his collateral estoppel defense on summary judgment, as it was analyzed previously in the June 2020 Decision only as to whether it may be added as an additional defense to an amended pleading. Guarino asserts that the issue of whether the proprietary lease is valid was decided in the Derivative Action because the jury refused to declare all past contracts entered into by Benavides and Ho on behalf of plaintiff as void, which, he claims, includes his proprietary lease agreement entered into by Ho and Benavides on plaintiff's behalf.

160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE
Motion No. 013

Page 10 of 12

10 of 12

He asserts that the claim that Hauze was unaware that Benavides and Ho entered into any contracts on plaintiff's behalf is seemingly contradicted by documentation establishing her knowledge of Guarino's closing, and Guarino argues that Hauze's knowledge of the lease agreement prevents plaintiff here from relitigating the issue.

Plaintiff opposes, contending Guarino's collateral estoppel claims are meritless as they are not identical to the claims raised in the Derivative Action and the issue of the proprietary lease was not squarely addressed and decided by the jury, and accordingly plaintiff has not had a full and fair opportunity to litigate the validity of the proprietary lease.

2.     Analysis

The doctrine of collateral estoppel, if invoked in a subsequent action or proceeding, "prevent[s] a party from relitigating an issue decided against that party in a prior adjudication" (*Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147, 152 [1988]).  The party seeking to invoke the doctrine must show "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and [that there was] a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator*, 24 NY2d 65, 70 [1969]).  It "bars a litigant from disputing an issue in another proceeding when that issue was decided against the litigant in a proceeding in which [it] had a full and fair opportunity to contest the matter" (*Feinberg v Boros*, 99 AD3d 219, 226 [1st Dept 2012] [internal quotation marks and citation omitted]).

Where the Derivative Action involved a dispute between board members Benavides and Ho opposing Hauze, the present action is an eviction holdover proceeding between two distinctly different parties—plaintiff and Guarino.  In the Derivative Action, among other things, Hauze sought a judgment declaring all contracts entered into by Benavides and Ho with any third party

160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE
Motion No.  013

Page 11 of 12

11 of 12

as null and void, a position the jury affirmed with regard to future contracts but not past contracts. Although Guarino's proprietary lease was not invalidated by the jury's general refusal to invalidate past contracts, Guarino's proprietary lease agreement was not and has not been necessarily and decisively decided in a prior action.

Therefore, Guarino's motion based on collateral estoppel is denied.

### D. RPL § 234 Legal Standard

Under RPL § 234, a tenant may avail itself of the reciprocal fee statute where the landlord commences suit against the tenant for a violation that arises out of the lease. The statute applies to cooperative shareholders (*see Kotler v 979 Corp.,* 191 AD3d 473 [1st Dept 2021] [coop resident entitled to attorney's fees under RPL § 234]; *see Univ. Prop., LLC v Vartanian*, 43 AD3d 689 [1st Dept 2007]). To collect under RPL§ 234, the tenant must be the prevailing party (*Graham Ct. Owner's Corp. v Taylor*, 24 NY3d 742 [2015]; *Centennial Restorations Co. v Wyatt*, 248 AD2d 193 [1st Dept 1998]. Because Guarino's motion is denied, his request for attorney's fees is also denied.

Accordingly, it is hereby

ORDERED that defendant's motion is denied in its entirety; and it is further

ORDERED that the parties appear for a settlement/trial scheduling conference on January 29, 2025, at 9:30 a.m., in person, at 71 Thomas Street, Room 305, New York, New York.

| **11/26/2024** | | | | **DAVID B. COHEN, J.S.C.** | |
| DATE | | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

160162/2014   322 WEST 47TH STREET HDFC vs. LOO, MARGIE
Motion No.  013

Page 12 of 12